UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LASHELLE M. MARTIN, | ) CV 13-02392-SH |
| Plaintiff, | ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Social Security Disability Insurance Benefits pursuant to Title II of the Social Security Act. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings (Plaintiff's Memorandum of Points and Authorities; Defendant's Brief

1

in Opposition ["Defendant's Brief]"; Plaintiff's Reply Memorandum), and the defendant has filed the certified transcript of record.

On July 12, 2010, plaintiff Lashelle Marie Martin filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income, alleging an inability to work since July 1, 2010. (See Administrative Record ["AR"] 135-150, 162). Plaintiff's claim was denied initially on September 27, 2010, and upon reconsideration on February 23, 2011. (See AR 66, 78). On April 25, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (See AR 87). On May 31, 2012, following an administrative hearing (see AR 28), the ALJ determined that Plaintiff suffered from the following severe impairments: status post open reduction and internal fixation of the right tibia and left proximal humerus, and mood disorder, not otherwise specified. (See AR 22). However, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (See AR 20-23).

The Appeals Council denied Plaintiff's request for review on November 8, 2013 (see AR 1-3), and the plaintiff filed a Complaint in this Court.

Plaintiff challenges the ALJ's Decision denying benefits, solely alleging that the ALJ erred in rejecting the medical opinion of Dr. Arteaga, the treating physician. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## II. DISCUSSION

**A. The ALJ improperly rejected the treating physician's opinion**

A treating physician's opinion is generally entitled to more weight than that of a physician with a lesser relationship to the claimant. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); 20 C.F.R. §§ 404.1527(d), 416.927(d). If the treating physician's opinion is uncontroverted by another doctor, it may be

rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).

Dr. Edna Arteaga-Hernandez was Plaintiff's treating physician. Dr. Arteaga opined that Plaintiff could not reach, handle, push, and pull "routinely", and needed to avoid any exposure to extreme heat, cold, wetness, humidity, and hazards in order to avoid complications resulting from her medications or "metal hardware". (AR 335). Dr. Arteaga found that Plaintiff was limited to lifting and carrying less than 10 pounds on both an occasional and frequent basis, and was limited to standing and walking for less than 2 hours in an 8-hour workday, with an allowance for shifting between sitting, standing, and walking. (AR 333-34).

The ALJ rejected Dr. Arteaga's opinion, finding that Plaintiff has a residual functional capacity (RFC)[1] of sedentary work[2], with the following exceptions: "limited to simple routine tasks, cannot have public contact, requires a cane for ambulation, and cannot perform overhead reaching with the left upper extremity." (AR 23). The ALJ rejected the treating physician's findings because "Dr. Arteaga's physical and mental functional assessments overstate the claimant's limitations when compared to the objective medical findings and the claimant's description of her current activities of daily living." (AR 26).

Plaintiff asserts that the ALJ failed to provide "clear and convincing reasons" for rejecting the treating physician's uncontroverted opinion. (See Lester v. Chater, 81 F.3d at 831). The defense responds that the ALJ was entitled to dismiss the treating physician's opinion because the opinion was based on Plaintiff's self-reports. (See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that the ALJ can reject a treating physician's

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. (See 20 C.F.R. § 404.1545(a)(1); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685 (9th Cir. 2009); Frost v. Barnhart, 314 F.3d 359, 366 (9th Cir. 2002)).

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and standing, with walking and standing required occasionally." (20 C.F.R. § 404.1567(a)).

opinion when the opinion is based to a large extent on claimant's self-reports which have been discounted as incredible)). However, the ALJ gave no indication that it had rejected the treating physician's opinion because the opinion had been based on Plaintiff's self-reports. Moreover, there is no indication in the record that the treating physician based her opinion on the Plaintiff's self-reports. (See AR 333-38).

In addition, Defendant asserts that the objective medical findings are incompatible with the treating physician's opinion, given that Plaintiff's June 2010 shoulder and knee surgery had "healed well", Plantiff's leg had a stable appearance with no acute abnormality, Plaintiff had full muscle strength in her picofarad and 3/5 strength in her foot, a prior X-ray found that Plaintiff's shoulder fracture had healed, and Plaintiff's prescription for pain medication had not been increased for two years. (See Defendant's Brief at 7). However, the ALJ did not indicate how plaintiff's medical history contradicts her physician's opinion, nor did it indicate which aspects of the objective medical findings were incompatible with the physician's assessment. (See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding that the ALJ is forbidden from making an independent medical assessment beyond that demonstrated by the record)).

Furthermore, although the defense asserts that the plaintiff's ability to shower, cook meals, do the dishes, do laundry, and visit her neighbor was incompatible with the treating physician's opinion, these daily activities are not inconsistent with the treating physician's assessment that Plaintiff is limited to lifting and carrying less than 10 pounds and to standing and walking for less than 2 hours per 8-hour workday. (See Defendant's Brief at 5).

"The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." (Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). Here, the mere assertion by the ALJ that the treating physician overstated the claimant's

limitations is insufficient to discredit the physician. Since the ALJ failed to demonstrate that the treating physician's assessment was inconsistent with either the objective medical findings or the plaintiff's description of her current activities of daily living, the ALJ improperly rejected the treating physician's opinion.

## III. CONCLUSION

For the foregoing reasons, the Decision of the Commissioner is reversed and remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: August 11, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE